IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALEX ADAMS, #1181239 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv342 |
| OFFICE OF INSPECTOR GENERAL, ET AL. | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Alex Adams, an inmate confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On September 21, 2022, the Court issued an Initial Partial Filing Fee Order permitting Plaintiff to proceed in this cause of action pursuant to 28 U.S.C. § 1915 and assessing an initial partial filing fee of $14.72. (Dkt. #7). He was warned that the failure to pay the initial partial filing fee within 30 days may result in the dismissal of the lawsuit.

On October 24, 2022, Plaintiff filed a motion for extension of time to comply with the Court's Order. (Dkt. #9). On January 20, 2023, the Court granted his motion for extension of time and directed him to pay the initial partial filing fee within 14 days of the receipt of the Order. (Dkt. #11). He again was warned that the failure to pay the initial partial filing fee within 14 days may result in the dismissal of the lawsuit. As of today, the Court has not received any money from

1

Plaintiff towards the initial partial filing fee or even a second motion for extension of time to pay the initial partial filing fee.

The Prison Litigation Reform Act of 1996 (PLRA) requires prisoners seeking to bring civil actions to pay an initial partial filing fee and subsequently pay the remainder of the full filing fee. Prisoners may proceed on claims without prepayment of the full filing fee, but they will be responsible for paying it in time. Plaintiff was ordered to pay the requisite initial partial filing fee of $14.72, but he has not complied with the Order.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); Fed. R. Civ. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164 (5th Cir. 1980). Plaintiff has not paid the initial partial filing fee in this case; thus, the lawsuit should be dismissed for want of prosecution and failure to obey an order.

## Recommendation

It is therefore recommended that the complaint be dismissed without prejudice for want of prosecution and failure to obey an order. Fed. R. Civ. P. 41(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 7th day of March, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE